IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN ANDREW YARBROUGH,

    Plaintiff,

v.                                              Civil Action No. 5:10CV116
                                                         (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, John Andrew Yarbrough, filed a claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In his application, the plaintiff alleges disability due to back pain and right knee pain beginning January 17, 2008. The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on December 16, 2009, before an administrative law judge ("ALJ"). The plaintiff was represented by counsel at the hearing. On January 8, 2010, the ALJ issued a decision finding that the plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision final. The plaintiff then filed a complaint in this Court to obtain judicial review of the final decision of the defendant,

Michael J. Astrue, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g).

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The plaintiff filed a motion for summary judgment or, in the alternative, motion for remand. The defendant also filed a motion for summary judgment. On May 9, 2011, the magistrate judge issued a report and recommendation recommending that the defendant's motion for summary judgment be granted and that the plaintiff's motion for summary judgment be denied. Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. The plaintiff filed timely objections, to which the defendant responded.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F.

Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

In his motion for summary judgment, the plaintiff argues: (1) the Commissioner's decision to deny his claim at the fifth stage of the sequential analysis without input from a vocational expert is not supported by substantial evidence; and (2) the record does not support the minimal nonexertional limitations found by the Commissioner. The plaintiff's arguments boil down to one contention: that his ability to perform work is more restricted than that suggested by the Commissioner. In support of this argument, the plaintiff points to his medical records and past treatments, which he believes demonstrate that his limitations and pain are significantly beyond the level determined by the ALJ.

The Commissioner counters that the ALJ's finding at step five of the sequential evaluation process is supported by substantial evidence. According to the Commissioner, the ALJ correctly relied upon Grid Rules 202.21 and 202.14 as a framework for finding the plaintiff not disabled. Further, the Commissioner contends that the ALJ correctly assessed the plaintiff's residual functional capacity ("RFC").

Magistrate Judge Seibert's report and recommendation first addresses the question of whether vocational expert testimony was necessary for a determination of not disabled. Ultimately, the magistrate judge concludes that the plaintiff has not demonstrated the presence of nonexertional impairments, therefore, the ALJ's decision to rely solely on the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2, rather than the testimony of a vocational expert, was proper. Next, the magistrate judge turns to the ALJ's assessment of the plaintiff's RFC. After reviewing the evidence considered by the ALJ, the magistrate judge finds that the ALJ's assessment of the plaintiff's RFC is proper and supported by substantial evidence.

The plaintiff thereafter filed objections to the magistrate judge's report and recommendation. In these objections, the plaintiff reiterates his argument that testimony from a vocational expert was required to prove that he retains the ability to perform specific jobs which exist in the national economy. Also, the plaintiff once again argues that the record demonstrates that his limitations and pain are significantly beyond that found by the Commissioner. According to the plaintiff, the Commissioner's findings are "result oriented" in order to support a denial without the requirements of a vocational expert. The plaintiff then highlights some medical records in order to show that he is in

4

continuous pain and that the treatments he has received thus far have been ineffective at permanently curbing that pain.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

Determination of eligibility for social security benefits involves a five-step inquiry. Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir.). At step five, the agency has the burden of providing evidence of a significant number of jobs in the national economy that a claimant could perform. Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). There are two ways in which the Commissioner can meet this burden: (1) by the testimony of a vocational expert; or (2) by reference to the Medical-Vocational Guidelines. See 20 C.F.R. pt. 404, subpt. P, app. 2. The grids provided in the Medical-Vocational Guidelines may satisfy the Commissioner's burden of coming forward with evidence as to the availability of jobs that

5

the claimant can perform only where the claimant suffers solely from exertional impairments. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983). Where the claimant demonstrates the presence of nonexertional impairments, the Commissioner, in order to prevail, must be required to prove by expert vocational testimony that specific jobs exist in the national economy which the claimant can perform. Id. Limitations are classified as exertional if they affect your ability to meet the strength demands of jobs. 20 C.F.R. § 416.969a. Limitations or restrictions which affect your ability to meet demands other than sitting, standing, walking, lifting, carrying, pushing, or pulling, are considered nonexertional. Id.

"It is well-established that when the claimant suffers only from exertional impairments or his nonexertional impairments do not significantly affect his residual functional capacity, the ALJ may rely exclusively on the Medical-Vocational Rules in determining whether there is other work available that the claimant can perform." Charpentier v. Astrue, No, 09-1034, 2011 WL 2222262, at *3 (M.D. La. Mar. 11, 2011). Further, if the individual's nonexertional limitations do not significantly erode the occupational base, the ALJ may rely on the Medical-Vocational Rules as a framework to support a finding of non-disability without consulting a vocational expert. See SSR 83-14, 1983 WL 31254 (1983). In this case, the plaintiff has failed to demonstrate the

existence of any nonexertional impairments. Moreover, the plaintiff's additional limitations have little or no effect on the occupational base of unskilled light work. Therefore, this Court finds that the ALJ's decision to reply solely on the Medical-Vocational Guidelines was proper.

In his objections, the plaintiff contends that his ability to perform work is more restricted than suggested by the Commissioner in his decision. The objections, however, only repeat the plaintiff's complaints of pain and revisit treatments he has previously received. The plaintiff provides no additional evidence to suggest that his impairments preclude him from all substantial gainful activity. Thus, the ALJ correctly relied upon Grid Rules 202.21 and 202.14 as a framework to support his finding that the plaintiff is not disabled within the meaning of the Social Security Act.

The plaintiff also objects to the magistrate judge's finding that the ALJ's assessment of the RFC was proper and supported by substantial evidence. According to the plaintiff, the evidence in the record demonstrates that his limitations and pain are significantly beyond that found by the Commissioner. In determining the plaintiff's RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), the ALJ did acknowledge and consider the claimant's severe impairments, noting that "they have more than a minimal effect on his ability to function, [but] they are not

totally disabling and do not preclude the performance of all substantial gainful activity." (R. 19.) The plaintiff's additional limitations, described as his ability to "only occasionally climb, crawl, crouch, kneel, stoop and/or squat," were found to have little or no effect on the occupational base of unskilled light work. (R. 20.) The ALJ made this finding after considering all of the plaintiff's symptoms and the extent to which those symptoms could reasonably be accepted as consistent with the objective medical evidence. (R. 17.) The limitations described by the plaintiff in his objections -- his severe pain in his back, right hip, and right knee, which is aggravated by standing, walking, movement, exercise, running, and sitting -- were carefully and fairly reviewed, along with all of the relevant medical evidence of record, by the ALJ. The medical records highlighted in the plaintiff's objections, including his treatments with Capital Area Pain Management Associates, Dr. Samuel J. Rao, and Dr. Matthew Beckwith, were all previously considered by the ALJ. The ALJ also notes that, "the claimant's activities of daily living are not apparently limited significantly by his back disorder." (R. 18.) Importantly, the claimant worked at the substantial gainful activity level for over twelve years following his injury, and no treating physician has expressed an opinion regarding his ability to perform work-related functions. (R. 18.) Thus, this Court

finds that the ALJ's RFC assessment is supported by substantial evidence.

This Court has reviewed the record, as well as the parties' motions for summary judgment, and after a de novo review, concurs with the magistrate judge that the Commissioner's decision that the plaintiff was not disabled is supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted in its entirety.

## IV. Conclusion

Based upon a de novo review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Thus, for the reasons stated above, the defendant's motion for summary judgment (ECF No. 9) is GRANTED, the plaintiff's motion for summary judgment (ECF No. 8) is DENIED, and the decision of the Commissioner is AFFIRMED. It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      February 3, 2012

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE